VENTERS, J.,
CONCURS IN RESULT ONLY:
I concur in result only. The majority rejected Ivey’s complaint that the calculation used to determine the probability of paternity in this sexual assault case was unreliable. I submit that the method was improper, but would hold that error "to be harmless. The issue, however, is more appropriately framed as whether the probability of paternity as calculated for a paternity determination is a relevant fit for a rape or sexual assault case. “ ‘Fit’ is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.” Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (citation omitted).
Like all evidence, statistical and probability evidence must be relevant to a fact in issue. Bayes Theorem consists of a prior probability multiplied by a likelihood ratio, which results in a posterior probability. The theorem is routinely applied in paternity cases. Federal Judicial Center, Reference Manual on Scientific Evidence 172 (3d ed., National Academies' Press 2011). However, the logic that justifies its use for proving paternity does not necessarily apply for proving sexual assault. Specifically, using the prior probability that the putative father had sexual relations with the mother makes logical sense in a paternity case; but using it to determine the likelihood that a male suspect had sexual relations with the female victim- in a sexual assault case is illogical because it presupposes the truth of the issue .it purports to prove.
The likelihood ratio, by itself, is a probability-based method for evaluating the probative value of forensic evidence and may be presented without the prior probability estimation. ' Colin Aitken, Paul Roberts, & Graham Jackson, Communicating and In *860 terpreting Statistical Evidence in the Administration of Criminal Justice: Practitioner Guide No. 1, Fundamentals of Probability and Statistical Evidence in Criminal Proceedings 35-36 (Royal Statistical Society 2010); Roberto Puch-Solis, Paul Robert, Susan Pope & Colin Aitken, Practitioner Guide No. 2, Assessing the Probative Value of DNA Evidence (2012). The likelihood ratio expresses “the extent to which evidence supports a particular proposition in terras of two likelihoods: (i) the likelihood of the evidence if one proposition is true; and (ii) the likelihood of the evidence if the other proposition is true.” Colin Aitken, Paul Roberts & Graham Jackson, Practitioner Guide No. 1, Fundamentals of Probability and Statistical Evidence in Criminal Proceedings at 35.
In criminal proceedings, the likelihood ratio is obtained by comparing the likelihood of the evidence given the prosecutor’s proposition that the accused is guilty to the likelihood of the evidence given the defense’s proposition that the accused is not guilty. Id. at 35. “The relative values of these two likelihoods provide a measure of the meaning and probative value of the evidence.” Id. at 36. The larger the likelihood ratio, the more probative is the first proposition as compared to the second proposition. In this case, the paternity index, based on the DNA evidence alone, without the Bayes prior probability estimation, results in a likelihood ratio highly favorable to the prosecutor’s proposition that the defendant had sex with the alleged victim.
Bayes Theorem’s introduction of the pri- or probability of the ultimate fact in issue (that the defendant had sex with the victim) is not appropriate when, as part of its inferential reasoning, “it involves making selection between (potentially) contested facts, a role properly reserved to the fact-finder.” Graham Jackson, Colin Aitken, & Paul Roberts, Communicating and Interpreting Statistical Evidence in the Administration of Criminal Justice: Practitioner Guide No. k, Case Assessment and Interpretation of Expert Evidence 37 (2015). The probability of paternity formula used here included the prior probability that Ivey had sexual intercourse with the victim, and thereby interjected an assumption of sexual intercourse, the very fact the Commonwealth was required to prove.
Simply státed, it is improper to prove that sexual intercourse, the corpus delicti of the rape charge, occurred by using a statistical formula that presupposes the probability that sexual intercourse occurred with the defendant. Consequently, with the incorporation of this assumption, the probability of paternity is not a relevant calculation for deciding whether a defendant committed sexual assault. The formula is not “fit” for the purposes of proving sexual assault. Moreover, by excluding the use of the prior probability, and presenting only the paternity index derived from the DNA analysis, the jury’s “common sense” inferential reasoning for assessing the disputed facts is not usurped.
Nevertheless, given the high paternity index obtained in this case, and the other evidence from which the fact of intercourse is easily inferred, the use of the irrelevant prior probability was very plainly harmless error.